IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TODD,

      Plaintiff,                    No. 2:12-cv-1492 LKK CKD PS

    vs.

JOHN ELLIS,

      Defendant.           ORDER AND
                                    FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). (Dkt. No. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

\\\\\

1       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7 Cir. 1989); Franklin, 745 F.2d at 1227.

8       To avoid dismissal for failure to state a claim, a complaint must contain more than

9 "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a

10 cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

11 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

12 statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

13 claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.

14 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

15 draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129

16 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

17 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

18 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

19 Rhodes, 416 U.S. 232, 236 (1974).

20       Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

21 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it

22 is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in

23 forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v.

24 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

25       According to plaintiff's 96-page complaint, (see dkt. no. 1), plaintiff in this action

26 challenges various orders issued by defendant John Ellis, a judge in the Solano County Superior

1  Court, in plaintiff's family law case.  Plaintiff alleges that defendant Ellis made an ex parte order
2  that allowed the mother of plaintiff's son to take plaintiff's son out of his custody, without a
3  hearing, based on purportedly false child abuse allegations made by the mother and where
4  allegedly no child protective services reports, medical records, or police reports indicated child
5  abuse and plaintiff had no prior convictions of child abuse or domestic violence.  Plaintiff also
6  alleges that, in following hearings, defendant Ellis took away all of plaintiff's legal and physical
7  custody rights to his son and ordered no visitation between plaintiff and his son.  Additionally,
8  plaintiff claims that defendant Ellis discriminated against him based on some disability,[1] because
9  defendant Ellis asked plaintiff about this disability in open court, ordered plaintiff to get a
10 psychiatric evaluation (but made no such order with respect to plaintiff's son's mother despite
11 her own mental health history), and because defendant Ellis allegedly denied plaintiff custody
12 and visitation based on his disability.  Finally, plaintiff also complains that he was denied
13 visitation with his son on Christmas, a religiously significant day for plaintiff.

14           Based on the above allegations, plaintiff alleges that defendant Ellis violated his
15 right to be present at a trial, right to a fair trial, right to be heard, right to due process, and right to
16 a presumption of innocence until proven guilty under the Fourteenth Amendment; violated the
17 Eighth Amendment prohibition against cruel and unusual punishment; violated the Americans
18 with Disabilities Act of 1990; and violated his First Amendment right to exercise his religious
19 beliefs with his son.  In the "Relief Requested" section of the complaint, plaintiff asserts that
20 defendant Ellis caused "unfathomable psychological and emotional damage" to plaintiff and his
21 son because plaintiff has not visited with or spoken to his son on the telephone for approximately
22 18 months, and that defendant Ellis should be held liable for such damages.  (Dkt. No. 1 at 91-
23 92.)  Plaintiff requests a trial to hold defendant Ellis accountable for violations of 42 U.S.C. §
24 1983, 42 U.S.C. § 2000bb, 42 U.S.C. § 12132, and requests that defendant Ellis be criminally

---

[1] Plaintiff's complaint does not state exactly what plaintiff's disability is.

3

1  prosecuted for violation of 18 U.S.C. § 242.[2]

2  　　　　　In this case, the court need not reach the substance of plaintiff's claims for
3  damages, because it is readily apparent that defendant Ellis is immune from liability.  "Judges are
4  immune from damage actions for judicial acts taken within the jurisdiction of their
5  courts...Judicial immunity applies however erroneous the act may have been, and however
6  injurious in its consequences it may have proved to the plaintiff."  Ashelman v. Pope, 793 F.2d
7  1072, 1075 (9th Cir. 1986).  A judge can lose his or her immunity when acting in clear absence
8  of jurisdiction, but one must distinguish acts taken in error or acts that are performed in excess of
9  a judge's authority (which remain absolutely immune) from those acts taken in clear absence of
10 jurisdiction.  Mireles v. Waco, 502 U.S. 9, 12-13 (1991) ("If judicial immunity means anything,
11 it means that a judge will not be deprived of immunity because the action he took was in
12 error...or was in excess of his authority.")  Thus, for example, in a case where a judge actually
13 ordered the seizure of an individual by means of excessive force, an act clearly outside of his
14 legal authority, he remained immune because the order was given in his capacity as a judge and
15 not with the clear absence of jurisdiction.  Id.; see also Ashelman, 793 F.2d at 1075 ("A judge
16 lacks immunity where he acts in the clear absence of jurisdiction...or performs an act that is not
17 judicial in nature.")

18 　　　　　Here, the challenged orders are clearly judicial acts, because defendant Ellis
19 issued the orders in his capacity as a family court judge in a family law matter.  Furthermore,
20 even assuming *arguendo* that defendant Ellis erred or somehow acted in excess of his authority, a
21 subject on which this court expresses no opinion, defendant Ellis did not act in clear absence of
22 jurisdiction when he issued the orders in a case pending before him.  Plaintiff's contention that
23 defendant, by issuing the orders, essentially tried, convicted, and sentenced plaintiff for a crime
24 (child abuse) after hearing a civil family law matter is frivolous, implausible, and completely

---

[2] Plaintiff's son's mother, Crystal Archer, is named as a real party in interest, but plaintiff does not assert any claims against Ms. Archer in this action.

unsupported by the facts alleged. Accordingly, defendant Ellis is immune from liability for damages.

Additionally, it is unclear whether plaintiff requests prospective injunctive relief against defendant Ellis – the "Relief Requested" section of the complaint only mentions damages. However, even if plaintiff requested prospective injunctive relief based on any of his claims, the court finds that it would be inappropriate for a federal court to interfere in this family law matter, which plaintiff states remains ongoing and active in state court (see dkt. no. 1 at 38). See e.g. Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987) (no abuse of discretion in district court's abstention from hearing § 1983 claims arising from a child custody dispute pending in state court); Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) (upholding abstention by district court in dispute involving father's visitation rights).

Disputes regarding child custody and visitation are domestic relations matters traditionally within the domain of the state courts, and it is appropriate for federal district courts to abstain from hearing such cases, despite the fact that constitutional issues may be raised in them, especially when there are ongoing state judicial proceedings. Coats, 819 F.2d at 237 ("This case, while raising constitutional issues, is at its core a child custody dispute...If the constitutional claims in the case have independent merit, the state courts are competent to hear them.") Plaintiff fails to explain why he does not have an adequate opportunity to raise and pursue any constitutional claims related to this family law matter in the state courts. Although plaintiff contends that his various petitions for writ of mandate and appeals to the California Court of Appeal and the California Supreme Court were denied, this does not suggest that he was denied an adequate opportunity to present his constitutional claims in these courts – merely that these claims were rejected. Stated differently, the mere fact that plaintiff's constitutional claims may have failed in the state courts does not entitle him to collateral review of those decisions in federal court.

\\\\\

1    Finally, with respect to plaintiff's request that criminal proceedings be instituted
2 against defendant Ellis, plaintiff has no standing to prosecute a criminal action.
3    Although the court would ordinarily grant a pro se plaintiff leave to amend, it does
4 not appear that the above-mentioned defects can be cured by more detailed factual allegations or
5 revision of plaintiff's claims. Accordingly, leave to amend would be futile and the action should
6 be dismissed with prejudice.
7    For the reasons outlined above, IT IS HEREBY ORDERED that plaintiff's
8 request to proceed in forma pauperis (dkt. no. 2) is granted.
9    IT IS ALSO HEREBY RECOMMENDED that:
10    1. The action be dismissed with prejudice, and
11    2. The case be closed.
12    These findings and recommendations are submitted to the United States District
13 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen
14 (14) days after being served with these findings and recommendations, plaintiff may file written
15 objections with the court. The document should be captioned "Objections to Magistrate Judge's
16 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
17 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951
18 F.2d 1153 (9th Cir. 1991).

Dated: June 6, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD/5
Todd.1492.ifp-fr.wpd